## Mary M. D. Cory, Appellant, v. Charles W. Pullen et al., Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1916. Affirmed in part, reversed in part and remanded with directions. Opinion filed April 16, 1917.

### Statement of the Case.

Bill by Mary M. D. Cory, complainant, against Charles W. Pullen and others, defendants, to foreclose a mortgage. From a decree dismissing the bill, complainant appeals.

WILLIAM ABBOT, for appellant.

LANE, DRYER & BROWN, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. MORTGAGES, § 269*—*what is power of trustee in trust deed as to release of lien.* The trustee in a trust deed given to secure the payment of notes has the power as to third parties to release the lien created by such deed so as to reinvest the title in the grantor, even though he does so without the consent of the holder of the indebtedness which such deed was given to secure and in violation of the obligations of the trust.

2. MORTGAGES, § 269*—*when trustee in trust deed may release lien created by deed.* The trustee in a trust deed given to secure the payment of certain notes may release the lien created by such deed even though the indebtedness secured thereby is not due.

3. MORTGAGES, § 1*—*what is nature of mortgage securing note.* A mortgage securing the payment of a note is but an incident to the debt.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. MORTGAGES, § 163*—*what constitutes equitable transfer.* Whatever is sufficient to transfer the title to a debt will also transfer in equity a mortgage given to secure the debt, and the mortgagee will hold the title for the assignee of the debt.

5. MORTGAGES, § 168*—*what rights conferred by assignment.* The assignment of a mortgage does not convey or transfer the legal ownership, but gives an equitable right only.

6. MORTGAGES, § 207*—*when notice to grantor in trust deed necessary.* One purchasing notes and a trust deed securing them must give notice to the grantor if he desires to preserve his rights under the trust deed against payments made to the former holder.

7. BILLS AND NOTES, § 237*—*necessity of notice of assignment of note.* The assignee of a note is negligent in not giving notice of the assignment.

8. MORTGAGES, § 227*—*what is effect of assumption by grantee of mortgage indebtedness.* A grantee in a deed assuming therein the payment of a mortgage indebtedness becomes the principal debtor and the prior debtor only a surety.

9. MORTGAGES, § 239*—*what is primary fund for payment of mortgage debt.* Property subject to a mortgage indebtedness becomes the primary fund for the payment of the debt.

10. MORTGAGES, § 163*—*when purchaser of note negligent in not taking and recording assignment of trust deed.* Where a party purchased a note secured by a trust deed and the note was duly assigned and the trust deed delivered to him, *held* that he was negligent in not taking and recording an assignment also of the trust deed.

11. MORTGAGES, § 245*—*when assignee of mortgage protected as to payments made by subsequent purchasers.* The rule requiring the assignee of a mortgage securing notes indorsed in blank to give notice, actual or constructive, in order to protect himself against payments by the mortgagor to the mortgagee does not extend to subsequent purchasers of the property who assume and agree to pay the incumbrance, and notwithstanding the assignee has not recorded the assignment or given notice thereof to any one, he is entitled to protection against payments made by the purchasers to the mortgagee in the belief that he still owned the indebtedness.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.